BLIM & EDELSON, LLC
John Blim (admitted *pro hac vice*)
Jay Edelson (admitted *pro hac vice*)
Myles McGuire (of counsel) (admitted *pro hac vice*)
53 West Jackson Boulevard, Suite 1642
Chicago, Illinois 60604
Telephone: (312) 913-9400
Facsimilie: (312) 913-9401

Attorneys for Plaintiffs
(Additional Attorneys listed on signature page)

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
Dominic Surprenant (Bar No. 165861) (dominicsurprenant@quinnemanuel.com)
Michael T. Lifrak (Bar No. 210846) (michaellifrak@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Defendant Sprint Nextel Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALIZA VALDEZ, individually and on behalf of a class of similarly-situated individuals,<br><br>Plaintiff,<br><br>vs.<br><br>SPRINT NEXTEL CORPORATION, a Kansas Corporation,<br><br>Defendant. | **CASE NO. C 06 7587 SC**<br><br>**STIPULATION REGARDING PROPOSED PROTECTIVE ORDER;**<br><br>**~~[PROPOSED]~~ PROTECTIVE ORDER**<br><br>Judge: The Honorable Samuel Conti |

WHEREAS, the parties hereto desire a protective order for the purpose of protecting the interests of each, respectively, in its own Confidential Information, as those terms are defined below, by controlling the access to and use of such Confidential Information, while allowing discovery of the same for the purpose of conducting this litigation and not for any other purpose outside the scope of this litigation;

IT IS STIPULATED AND AGREED BY AND BETWEEN THE PARTIES HERETO, through their respective counsel of record and subject to the approval of the Court, without waiving any claims or defenses in the above-captioned action, and without acknowledging the propriety of any claim by any party that any information produced during the course of discovery in this action constitutes Confidential Information or Highly Confidential Information, as those terms are defined below, that in order to preserve any claim by any party that information produced during discovery constitutes Confidential or Highly Confidential Information, the following protective order (the "Order") shall govern discovery in this action.

1. "Confidential Information" shall mean trade secret information as defined in California Civil Code section 3426.1 and confidential, competitive and/or proprietary information which is designated as such as provided herein. Confidential Information shall include, but not be limited to internal corporate memoranda, customer or account information (including any data, material, identification, or account information related to any customer), data analyses, documents related to contracts and/or relationships with third-parties, sensitive business documents, and financial information, written or stored in any medium whatsoever, produced by the parties in the course of this litigation, as well as answers to interrogatories, responses to production requests, responses to requests for admission, and deposition testimony regarding the above.

1.1 Information or materials designated as "Highly Confidential - Attorneys' Eyes Only" (sometimes referred to herein as "Highly Confidential Information") shall be those things of a proprietary business or technical nature, including material included in the definition of "Confidential Information" that might be of value to a competitor, customer or potential customer of the party or nonparty holding the proprietary rights thereto, and that must be protected from disclosure. Absent a specific order by this Court, once designated as "Highly Confidential -

Attorneys' Eyes Only," such designated information shall be used by the parties solely in connection with this litigation, and not for any business, competitive, or governmental purpose or function, and such information shall not be disclosed to anyone except as provided herein.

2.1 Confidential or Highly Confidential Information in written or documentary form shall be designated as confidential material by the party seeking protection, prior to such information being served on or delivered to the other parties or being made available for inspection and copying, in the following way: each document page must be stamped or marked with the word "Confidential" or with the words "Highly Confidential - Attorneys' Eyes Only."

2.2 Failure to so mark a document or thing in accordance with this Order shall not preclude any party desiring to so designate the document or thing thereafter from, provided the party proceeds promptly after discovery of any omission of marking, in good faith marking the document or thing and requesting, in writing, that the receiving party to so mark and treat the document or thing in accordance with this Order. Thereafter, the document or thing shall be fully subject to this Order. The receiving party shall not reveal any information produced whether or not marked "Confidential" or "Highly Confidential - Attorneys' Eyes Only" for a period of three (3) days following receipt. Neither party shall incur liability for any disclosures made prior to notice of such designations but after the three- (3) day period described above.

2.3 Documents that may be produced for the Initial Disclosures in this action may be designated as Confidential Information or Highly Confidential Information within thirty (30) days of the production. Pending such designation, if any, no such document may be revealed for a period of thirty (30) days after execution by the parties of this Stipulation.

2.4 If a party through inadvertence produces or provides discovery that it believes is subject to a claim of attorney-client privilege or work product immunity, the producing party may give written notice to the receiving party or parties that the document is subject to a claim of attorney-client privilege or work product immunity and request that the document be returned to the producing party. The receiving party or parties shall return to the producing party all copies of such document. Return of the document by the receiving party shall not constitute an admission or concession, or permit any inference, that the returned document is, in fact, properly

subject to a claim of attorney-client privilege or work product immunity, nor shall it foreclose any party from moving the Court for an Order that such document has been improperly designated or should be producible for reasons other than a waiver caused by the inadvertent production.

3. Confidential Information may be given, shown, disclosed, made available, or communicated only to:

(a) Attorneys of record for the parties to this action (referred to herein as the "Attorneys"), including the paralegal, stenographic and clerical employees associated with the Attorneys;

(b) The parties to this action, including, in the case of corporate parties, an officer, director, agent, representative and/or other employee who has executed a Confidentiality Agreement in the form of Exhibit "A" hereto (a "Confidentiality Agreement") on behalf of said corporate party thereby agreeing that any officer, director, agent, representative, or employee of the corporation to whom Confidential Information is shown, disclosed, made available or communicated to will be bound by the terms of this Order applying to Confidential Information (which shall be retained by counsel and copies made available for all other parties);

(c) The Court hearing this action, including its personnel, any jury empaneled in this action, and other persons, such as a court-appointed and/or party-designated special master who may serve in a judicial or quasi-judicial function;

(d) A professional court reporter engaged to transcribe testimony in this action;

(e) Such other persons as hereafter may be designated by written stipulation of all parties to this action filed with the Court, by further order of the Court on motion by any party to this action, or by subpoena for which no timely protective order is obtained pursuant to paragraph 9 below;

(f) Outside consultants or experts (specifically excluding anyone who is an officer, director, employee, representative, agent or otherwise associated with or related to the party), and their support personnel, employed by a party or counsel to a party to assist counsel in the preparation and trial of this action but only if before disclosure, such person executes a Confidentiality Agreement in the form attached hereto as Exhibit A, which shall he retained by the

counsel or party in propria persona who caused the Confidentiality Agreement to be signed, and shall be available for inspection by other counsel or parties in propria persona upon good cause shown.

(g) Deponents and any interviewee whom a party believes in good faith may possess relevant information, provided such person executes a Confidentiality Agreement in the form attached hereto as Exhibit A, which shall be retained by the counsel or party in propria persona who caused the Confidentiality Agreement to be signed, and shall be available for inspection by other counsel or parties in propria persona upon good cause shown. Such person shall be shown the Confidential Information but shall not be provided with copies thereof. Should a deponent refuse to execute a Confidentiality Agreement in the form attached hereto as Exhibit A, the parties agree that such deponent (whether or not appearing pursuant to Notice or Subpoena) shall nonetheless be subject to the confidentiality agreement by order of the Court.

3.1 Information or material designated as “Highly Confidential - Attorneys' Eyes Only,” or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

(a) parties' outside counsel of record in this action and regular and temporary employees of such counsel to whom it is necessary that the information or material be shown for the purposes of this litigation;

(b) in-house counsel for each party, and any employees actually assisting outside counsel or such in-house counsel in preparation of this case, who has executed a Confidentiality Agreement in the form of Exhibit "A" hereto (a "Confidentiality Agreement") agreeing that he or she will be bound by the terms of this Order applying to Confidential Information or Highly Confidential Information (which shall be retained by counsel and copies made available for all other parties), provided that such counsel or employees are not involved in “competitive decision making” as defined by U.S. Steel Corp. v. United States, 730 F.2d 1465, 1468, n. 3 (Fed. Cir. 1984);

(c) The Court hearing this action, including its personnel, any jury empaneled in this action, and other persons, such as a court-appointed and/or party-designated special master who may serve in a judicial or quasi-judicial function;

(d) A professional court reporter engaged to transcribe testimony in this action;

(e) Such other persons as hereafter may be designated by written stipulation of all parties to this action filed with the Court, by further order of the Court on motion by any party to this action, or by subpoena for which no timely protective order is obtained pursuant to paragraph 9 below;

(f) Outside consultants or experts (specifically excluding anyone who is an officer, director, employee, representative, agent, party, or otherwise associated with or related to the party), and their support personnel, employed by a party or counsel to a party to assist counsel in the preparation and trial of this action but only if before disclosure, such person executes a Confidentiality Agreement in the form attached hereto as Exhibit A, which shall he retained by the counsel or party in propria persona who caused the Confidentiality Agreement to be signed, and shall be available for inspection by other counsel or parties in propria persona upon good cause shown. Such person shall be shown the Confidential Information but shall not be provided with copies thereof.

(g) Deponents and any interviewee whom a party believes in good faith may possess relevant information, provided such person executes a Confidentiality Agreement in the form attached hereto as Exhibit A, which shall be retained by the counsel or party in propria persona who caused the Confidentiality Agreement to be signed, and shall be available for inspection by other counsel or parties in propria persona upon good cause shown. Such person shall be shown the Highly Confidential Information but shall not be provided with copies thereof. Should a deponent refuse to execute a Confidentiality Agreement in the form attached hereto as Exhibit A, the parties agree that such deponent (whether or not appearing pursuant to Notice or Subpoena) shall nonetheless be subject to the confidentiality agreement by order of the Court.

4. Except as provided in paragraph 3 hereof, or except pursuant to stipulation among counsel for all parties filed with the Court, counsel of record retained by the parties shall,

at all times, have and maintain physical custody and control over all Confidential Information and Highly Confidential Information and counsel shall make diligent efforts to insure that such Confidential Information and Highly Confidential Information does not leave their custody and is not disclosed orally. Failure to make diligent efforts to do so shall be grounds for imposition of sanctions at the discretion of the Court.

5.1 Deposition or other testimony may be designated "Confidential Information" or "Highly Confidential - Attorneys' Eyes Only," : (a) on the record at the deposition; (b) by serving a written notification on the other parties and any involved deponent within fifteen (15) days after receipt of the transcript by counsel for the designating party, described below; or (c) at any other time by written notification to the deponent and all other parties, pursuant to the terms of paragraph 2.2.

5.2 All transcripts of deposition or other testimony and any related exhibits, and all information adduced in deposition or other testimony, shall, in their entirety, be treated as Highly Confidential Information for a period of fifteen (15) days after receipt of the transcript by counsel for the designating party. The party designating the testimony or information as Confidential Information or Highly Confidential Information may, within that fifteen (15) day period described above, specifically designate information contained in the transcript(s) and exhibit(s) as Confidential Information or "Highly Confidential - Attorneys' Eyes Only," whether or not previously designated as such, by notifying all parties in writing of the specific pages and lines of the transcript or exhibit which contains such information. Each party shall attach a copy of such written statement to the face page of the transcript or exhibit and to each copy in its possession, custody or control. Thereafter, these portions of the transcript designated as "Confidential Information" or "Highly Confidential - Attorneys' Eyes Only" shall be treated in accordance with the terms of this Order.

5.3 Upon the good faith assertion by counsel for the designating party that a question or line of questions at a deposition or hearing is likely to result in the disclosure of Confidential Information or Highly Confidential Information, any person not entitled under the pertinent provision of Paragraph 3 to have access to Confidential Information or Highly

Confidential Information shall leave the deposition or hearing until the question or line of questions is completed, unless otherwise ordered by the Court, and the Confidential Information or Highly Confidential Information disclosed at a deposition or hearing shall not, directly or indirectly, in whole or in part, be used with, disclosed or made available to any person, except those persons set forth, in Paragraphs 3 and 3.1.

5.4 Any portion of a deposition or other transcript that has been designated as including Confidential Information or Highly Confidential Information shall be so marked as provided in Paragraphs 2 and shall be subject to the provisions of this Order pertaining to Confidential Information and Highly Confidential Information. If any portion of a transcript or any exhibit to a transcript that has been designated as Confidential Information or Highly Confidential is filed with the Court, it shall be filed in an envelope marked as set forth in Paragraph 8 hereof. Such portions of the transcript shall be treated by the Court in accordance with the provisions of this Order relating to Confidential Information or Highly Confidential Information, depending on the particular designation of those portions of the transcript.

6. No person, firm, corporation or other entity subject to this Order shall use Confidential Information or Highly Confidential Information in any manner whatsoever except for the prosecution, defense, settlement or appeal of this action. Nor shall any person, firm, corporation or other entity subject to this Order give, show, disclose, make available or communicate Confidential Information or Highly Confidential Information to any person, firm, corporation or other entity not expressly authorized by this Order to receive such Confidential Information or Highly Confidential Information . The attorneys for the parties to this action shall make the terms of this Order known to all other persons bound by this Order and, together with their clients, are responsible to this Court for compliance with this Order. Nothing in this Order shall preclude any party from utilizing information that it/he/she presently possesses or which comes into its possession outside of the discovery process in this action. Any such use of such information shall not constitute a violation of this Order. Each party retains the right to pursue any claim or defense it/he/she may have against any other party arising from such use of such information.

7. Any party or counsel for a party who, in the course of a deposition, hearing, or other proceeding, seeks to introduce, use or otherwise refer to a document or thing that has previously been designated Confidential Information or Highly Confidential Information , shall advise counsel present (and, if relevant, the Court) immediately in advance of such intended introduction, use or reference, and, unless the Court orders otherwise, shall treat the document or thing in accordance with the provisions of this Order relating to Confidential Information or Highly Confidential Information .

8. All Confidential Information or Highly Confidential Information filed with the Court for any purpose, and any pleadings or memoranda or other documents purporting to reproduce, summarize or paraphrase Confidential Information or Highly Confidential Information, shall be filed and served in a sealed envelope or other container marked on the outside with the title of the action, an identification of each item within and a statement substantially as follows:

Confidential Information [or Highly Confidential Information]-- Subject to Protective Order. This item shall not be opened except as ordered by the Court in this action or upon written stipulation executed by all of the parties and filed in Court in this action.

The envelope or other container in the Court file shall not be opened except as ordered by the Court or upon written stipulation, executed by all the parties or their counsel and filed with the Court. All of such documents or things so filed shall be treated in accordance with the provisions of this Order relating to Confidential Information and/or Highly Confidential Information.

9. In the event that a party is served with a subpoena by any person, firm, corporation, or other entity who is not a party to this Stipulation which seeks to compel a production of Confidential Information or Highly Confidential Information, the party upon whom the subpoena is served shall give written notice of the subpoena to the party who has asserted the Confidential Information or Highly Confidential Information designation at least seven (7) calendar days before the production (or, if less than seven (7) calendar days are set forth the production, within one business day after service of the subpoena but in no event after the date for production). The party who has initially designated the Confidential Information or Highly

Confidential Information shall then have the responsibility to obtain a court order to quash the subject subpoena and/or obtain such other relief as will protect the confidential or restricted nature of the documents. Should such a motion be filed before the requested production date or should a timely motion be made, the party upon whom the subpoena is served shall not deliver the subject documents until after such time as the court rules on the subject motion. Should an order be obtained, the party upon whom the subpoena is served shall comply with the order. Should no motion be filed before the scheduled production date, the party upon whom the subpoena is served may comply with the subpoena, so long as the documents are marked and produced in accordance with any applicable protective order which provides for similar types of restrictions as set forth herein.

10. This Order and the procedures set forth herein shall not affect the rights of the parties to object to discovery on any grounds, nor shall it relieve a party of the necessity of proper response or objection to discovery requests, nor shall it preclude any party from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Evidence and Federal Rules of Civil Procedure or any other applicable statute, rule or authority.

11. This Order shall be without prejudice to the right of the parties (a) to bring before the Court at any time the question of whether any particular document or information constitutes Confidential Information or Highly Confidential Information, or (b) to present a motion to the Court for a separate or modified protective order as to any particular document or information, including restrictions differing from those as specified herein. Irrespective of which party brings before the Court the question of whether any particular document or information constitutes Confidential Information or Highly Confidential Information, the burden of persuasion shall be on the party seeking to have the designation apply to the document or information in question. This Order shall not be deemed to prejudice the parties in any way in any future application or modification of this Order. The parties agree to seek the resolution of any disputes regarding the propriety of any designation of information as Confidential Information or Highly Confidential Information before raising any such issues with the Court. If the parties and their counsel through the meet and confer process have been unable to arrive at a resolution, the parties

shall promptly seek the Court's resolution by motion or telephone conference call with the Court, if permitted. If any such disputes arise during the course of a deposition, the parties shall temporarily recess the deposition and meet and confer at that time to attempt to resolve the dispute.

12. Within thirty (30) days after the last day for the filing of a notice of appeal of the final decision in this matter, with no such notice of appeal having been filed, or thirty (30) days after the final designation of any decision on appeal and remand (if any) thereafter, whichever is later, all Confidential Information and Highly Confidential Information and (other than attorney work product) all other documents and other things containing or reflecting Confidential Information or Highly Confidential Information (including, without limitation, all copies, extracts or summaries thereof) shall be destroyed or delivered to counsel for the party or parties from whom said Confidential Information or Highly Confidential Information was obtained. At that time, counsel for the party or parties shall send written confirmation of the destruction or delivery of Confidential Information and Highly Confidential Information.

13. This Order is intended to regulate the handling of Confidential Information and Highly Confidential Information during the entirety of this litigation through appeal, and thereafter, and shall remain in full force and effect until modified, superseded or terminated on the record by agreement of all the parties to this litigation or by order of the Court. Insofar as the

(*Continued on next page*)

provisions of this Order restrict the use, disclosure or communication of any document or thing produced under it, this Order shall continue to be binding after the termination of this action and the Court shall retain jurisdiction of all persons and parties bound by this Order for the purposes of its enforcement and to make such amendments, modifications and additions to this Order as the Court may from time to time deem appropriate.

DATED: May 16, 2007

BLIM & EDELSON, LLC

By /S/ Jay Edelson
John Blim
Jay Edelson
Myles McGuire
Attorneys for Plaintiff Aliza Valdez

Other counsel for Plaintiff:
THE JACOBS LAW FIRM, CHTD.
John G. Jacobs (admitted *pro hac vice*)
Bryan G. Kolton (admitted *pro hac vice*)
122 South Michigan Avenue, Suite 1850
Chicago, Illinois 60603

LAW OFFICES OF TERRY M. GORDON
Terry M. Gordon (Bar No. 75604)
Three Haror Drive, Suite 317
Sausalito, California 94965

DATED: May 16, 2007

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /S/ Michael T. Lifrak
Dominic Surprenant
Michael T. Lifrak
Attorneys for Sprint Nextel Corp.

**~~[PROPOSED]~~ ORDER**

Pursuant to the parties' stipulation, IT IS SO ORDERED.

Date: May 22, 2007

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA
IT IS SO ORDERED
Judge Samuel Conti

Honorable Samuel Conti

EXHIBIT A

AGREEMENT AND DECLARATION CONCERNING CONFIDENTIAL INFORMATION COVERED BY A STIPULATION AND ORDER ENTERED IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

I, the undersigned, hereby declare that:

I have read the attached Stipulation and Protective Order ("Order") entered in the action entitled Valdez v. Sprint, CASE NO. C 06 7587 SC, presently pending in the Northern District of California.

1. I understand the terms of the Order, and I agree to be bound by such terms and any subsequent modification thereto.

2. I agree that I shall return or destroy all copies of all documents containing Confidential Information or Highly Confidential Information which have been provided to me, together with any work product (other than attorney work product) generated by me referencing, relying upon or utilizing in any way such Confidential Information and/or Highly Confidential Information, pursuant to Paragraph 12 of the Order.

3. I submit to the jurisdiction of the Northern District of California for the limited purpose of any proceeding to enforce the terms of the Order. I understand that I may be subject to contempt for violation of the Order if I violate the terms of this declaration or the Order.

4. My address is:

5. My relationship to this case and its parties is:

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration is executed on _________________, 200_, at _____________________________.

_________________________

[Signature]