UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALIZA VALDEZ, individually and on behalf of a class of similarly-situated individuals,<br><br>Plaintiff,<br><br>vs.<br><br>SPRINT NEXTEL CORPORATION, a Kansas Corporation,<br><br>Defendant. | CASE NO. C 06 7587 SC<br><br>**ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING NOTICE** |

WHEREAS, a class action is pending before the Court entitled *Valdez v. Sprint Nextel Corporation*, Case No. C 06 7587 SC; and

WHEREAS the parties agreed on a Revised Settlement Agreement dated as of April 7, 2009, which together with the Exhibits attached thereto, sets forth the terms and conditions for a proposed settlement and dismissal of the Lawsuit with prejudice as to Sprint upon the terms and conditions set forth therein (the "Revised Settlement Agreement"); and

WHEREAS, on or about May 7, 2009, the parties lodged with the Court an Amendment To The Revised Class Action Settlement Agreement, which Amendment amended Paragraph 16 thereof (and added a Paragraph 16A) thereof and amended Exhibits D and E thereto; and

WHEREAS, all future references to the "Revised Settlement Agreement" in this case shall mean the Revised Class Action Settlement Agreement executed as of April 7, 2009 as amended by the said Amendment, lodged with the Court on or about May 7, 2009; and the Court having read and considered the Revised Settlement Agreement and Exhibits thereto;

This matter coming before the Court upon the agreement of the parties, good cause being shown, and the Court being fully advised in the premises, IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:

1. Terms and phrases in this Order shall have the same meaning as ascribed to them in the Revised Settlement Agreement.

**Filing of Amended Complaint and Appearance of Substituted Defendants**

2. The proposed First Amended Complaint, filed concurrently with the motion for preliminary approval of the Settlement Agreement on August 26, 2008, is deemed filed and served as of today's date. Sprint Nextel Corporation is hereby dismissed as a Defendant. All references to "Sprint" herein shall be to the Defendants named in the First Amended Complaint and as defined in the Revised Settlement Agreement. Newly-named Defendants Sprint Spectrum L.P., Sprint Solutions, Inc., Nextel Communications of the Mid-Atlantic, Inc., Nextel West Corp., Nextel of California, Inc., Nextel of Texas, Inc., Nextel South Corp., and Nextel of New York, Inc. are deemed as of this date to have received service and appeared in this matter by and through their counsel, Michael A. Lifrak of the firm of Quinn Emanuel Urquhart Oliver & Hedges, LLP.

**Preliminary Settlement Approval**

3. The parties have moved the Court for an order approving the settlement of the Lawsuit in accordance with the Revised Settlement Agreement, which, together with the documents incorporated therein, sets forth the terms and conditions for a proposed settlement and dismissal of the Lawsuit with prejudice, and the Court having read and considered the Revised Settlement Agreement and having heard the parties and being fully advised in the premises, hereby gives its preliminary approval to the Revised Settlement Agreement in its entirety subject to the hearing referred to in paragraph 22 of this Order for purposes of deciding whether to grant final approval to the said Revised Settlement Agreement.

**Settlement Class Certification**

4. Jay Edelson of KamberEdelson, LLC and John G. Jacobs of The Jacobs Law Firm, Chartered are appointed Lead Class Counsel for the Settlement Class, and Terry M. Gordon, Bryan G. Kolton, and Myles McGuire are appointed as members of the Plaintiffs' Committee representing the Settlement Class. Aliza Valdez is appointed Class Representative.

5. For purposes of settlement only, the Court certifies the following class ("the Settlement Class"):

All Sprint wireless telephone subscribers in the nation from January 1, 2005 through April 30, 2008, including any Sprint Subscribers who have or had cellular phones on either the CDMA or iDEN networks, who incurred charges as a result of Sprint's billing for products and services not authorized by the existing owner of the number, but, rather purportedly by a prior owner or user of the number.

6. The Court finds, subject to the Final Approval Hearing referred to in Paragraph 22 below, that the Revised Settlement Agreement is fundamentally fair, adequate, and reasonable, and that the Settlement Class satisfies each of the requirements of Rule 23 of the Federal Rules of Civil Procedure, specifically, that: the class is so numerous that joinder of all members is impracticable; there are questions of law and fact common to the class; the claims of the representative party are typical of the claims of the class; the representative party will fairly and adequately protect the interests of the class; common questions of law or fact predominate over questions affecting individual members; and a class action is a superior method for fairly and efficiently adjudicating the action.

7. Should the Revised Settlement Agreement not receive the Court's final approval, should final approval be reversed on appeal, or should the Revised Settlement Agreement otherwise fail to become effective, the Court's grant of class certification shall be vacated, and the Class Representatives and the Settlement Class would once again bear the burden of establishing the propriety of class certification.

**Notice and Administration**

8. The Court approves, as to form and content, the written Class Notice, in the form of Exhibit D to the Amendment to the Revised Settlement Agreement and the Claim Form attached to the Revised Settlement Agreement as Exhibit B (paper claim form) and Exhibit C (electronic claim form), and finds that the mailing and distribution of the Class Notice and Claim Form in the manner set forth in paragraph 10 of this Order and the provision for filing online claims as set forth in paragraph 7 of the Revised Settlement Agreement constitute valid, due and sufficient notice to all persons entitled thereto, that it is the best notice practicable under the circumstances and constitute due and sufficient notice to all persons entitled thereto, and comply fully with the requirements of the Federal Rules of Civil Procedure and of Due Process.

9. The Court approves the request for the appointment of Gilardi & Co., LLC as Settlement Administrator in accordance with the provisions of paragraph 5 of the Revised Settlement Agreement.

10. Pursuant to Paragraph 6 of the Revised Settlement Agreement, the Settlement Administrator is directed to mail the Class Notice (and the accompanying Claim Form) by first-class mail to the last known address of each Settlement Class Member as it appears in Sprint's records no later than June 8, 2009 ("the Notice Date"), which is 31 days from this Order, unless extended by order of this Court.

11. Settlement Class Members who wish to receive benefits under the Revised Settlement Agreement must complete and submit a Claim Form in accordance with the instructions contained therein. All Claim Forms must be filed no later than 120 days from the Notice Date, unless the deadline is extended by the Court.

12. Sprint shall have the right to inspect the Claim Forms (including forms submitted electronically) received by the Settlement Administrator. If Sprint or the Settlement Administrator determines that any Claim Form is not timely or is duplicative of another Claim Form filed, or if Sprint determines that a claim is otherwise invalid (such as where a person in fact received a full credit or refund for a Disputed Charge), Sprint or the Settlement Administrator, as the case may be, shall object to the acceptance of the Claim Form and shall provide Lead Class Counsel with a list of Claim Forms as to which objection is made, together with the reason for objecting to the Claim Form, in writing, on a weekly basis. If Lead Class Counsel dispute the objection to any Claim Form pursuant to this Paragraph, Sprint and Lead Class Counsel agree to submit the list of disputed Claim Forms to Judge Boharic, together with a written explanation of the basis of the dispute by each party, and Judge Boharic shall resolve all such disputes without appeal by any party or person submitting a Claim Form. Judge Boharic shall either reject a Claim Form over which there is a dispute pursuant to this Paragraph or find that the Claim Form should be paid. In the absence of contrary evidence from a claimant, information from Sprint's internal data, customer records and billing systems shall be conclusive. If Lead Class Counsel do not dispute an

1 objection to a Claim Form pursuant to this Paragraph, that Claim Form shall be rejected by the
2 Settlement Administrator.

**Exclusion**

3
4     13.    Settlement Class Members who wish to exclude themselves from the
5 Settlement Class may do so if, within 45 calendar days from the Notice Date, they comply
6 with the exclusion procedures set forth in the Revised Settlement Agreement and Class
7 Notice. Any Settlement Class Member so excluded shall neither be bound by the terms of
8 the Revised Settlement Agreement nor entitled to any of its benefits.
9     14.    Any Settlement Class Members who elect to exclude themselves or "opt
10 out" of this Revised Settlement Agreement must file a written Request to Opt Out with the
11 Settlement Administrator, received or postmarked no later than 45 days after the Notice
12 Date. The Settlement Administrator will record the date of receipt of the Request to Opt
13 Out and forward electronically all Requests to Opt Out to both Sprint and Lead Class
14 Counsel on a weekly basis following receipt. The Settlement Administrator shall retain
15 copies of all written Requests to Opt Out until such time as it has completed its duties and
16 responsibilities under this Agreement. The Request to Opt Out must be signed by the
17 Settlement Class Member, must include the Settlement Class Member's name, address,
18 and telephone number, and must clearly state that the person wishes to be excluded from
19 the Lawsuit and the Revised Settlement Agreement.
20     15.    Settlement Class Members who opt out of the Revised Settlement
21 Agreement will relinquish their rights to benefits under the Revised Settlement Agreement
22 and will not release their claims. However, Settlement Class Members who fail to submit
23 a valid and timely Request to Opt Out on or before the date specified herein shall be bound
24 by all terms of the Revised Settlement Agreement and the Final Order and Judgment,
25 regardless of whether they have requested exclusion from the Revised Settlement
26 Agreement.
27
28

16. Any Settlement Class Member who submits a timely Request to Opt Out may not file an Objection to the Revised Settlement Agreement and shall be deemed to have waived any rights or benefits under the Revised Settlement Agreement.

17. Settlement Class Members shall be permitted to withdraw or rescind their opt-out requests by submitting a statement to the Settlement Administrator that includes their name, address, and telephone number, and that clearly states their intention to withdraw their previous Request to Opt Out of the Revised Settlement Agreement and to now be included.  Any such rescission of a prior opt-out request must be received by the Settlement Administrator no later than the Claim Form deadline specified herein.

18. The Settlement Administrator shall stamp the date received on the original of any rescission of opt-out statement and serve copies to Lead Class Counsel and counsel for Sprint no later than five (5) days after receipt thereof.  The Settlement Administrator shall retain copies of all rescissions of opt-out statements until such time as the Settlement Administrator is relieved of its duties and responsibilities under this Order and the Revised Settlement Agreement.

**Objections**

19. Any Settlement Class Member who intends to object to the fairness, reasonableness, or adequacy of the Revised Settlement Agreement (hereinafter "Objections") or to a judgment being entered dismissing the Lawsuit with prejudice in accordance with the terms of the Revised Settlement Agreement, or to the attorneys' fees and expense reimbursement sought by Class Counsel in the amounts specified in the Notice, or to the award to the representative plaintiff as set forth in the Class Notice, must sign and file with the Settlement Administrator a written Objections at least thirty (30) days before the date of the Final Fairness Hearing.  Any Settlement Class Member who submits a timely Request to Opt Out may not file Objections to the Settlement and shall be deemed to have waived any rights or benefits under this Revised Settlement Agreement.

20. Any Objections must be filed with the Settlement Administrator and sent to Jay Edelson, Esq., KamberEdelson, LLP, 350 North LaSalle Street, Suite 1300, Chicago, Illinois 60654, one of Class Counsel, and also to Sprint's counsel, Michael Lifrak, Esq.,

1  Quinn Emanuel Urquhart Oliver & Hedges, LLP, 865 South Figueroa Street, 10th Floor,
2  Los Angeles, California 90017.  The Settlement Administrator will manually submit to the
3  Court, in aggregate, all objections that it has received.  It shall submit them no earlier than
4  the end of the cut-off period for objection, and no later than twenty days before the Final
5  Fairness Hearing.

6        21.     Settlement Class Members making Objections must set forth their full
7  name, current address, and telephone number.  Objecting Settlement Class Members must
8  also state in writing all Objections and the reasons therefore, and provide copies of any
9  documents relied upon for such objection, and a statement as to whether the Objector
10 intends to appear at the Final Fairness Hearing and whether he or she is represented by
11 separate legal counsel.  Class Members who fail to file and serve timely written objections
12 in the manner specified above shall be deemed to have waived any Objections and shall be
13 foreclosed from making any Objections (whether by appeal or otherwise) to the Revised
14 Settlement Agreement or to any of the subjects listed in paragraph 19 above.

15 **Final Approval**

16       22.     The Final Approval Hearing shall be held before this Court on
17 September 11, 2009 at 10:00 A.M. at the United States Courthouse, 17th Floor, Courtroom
18 1, San Francisco, California to determine (a) whether the proposed settlement of the
19 Lawsuit on the terms and conditions provided for in the Revised Settlement Agreement is
20 fair, reasonable and adequate and should be given final approval by the Court; (b) whether
21 a judgment and order of dismissal should be entered; (c) whether to approve the payment
22 of attorneys' fees and expenses to plaintiff's counsel; and (d) whether to approve the
23 payment of incentive awards to the named plaintiff herein.  The Court may adjourn the
24 Final Approval Hearing without further notice to members of the Settlement Class.

25 **Further Matters**

26       23.     Settlement Class Members shall be bound by all determinations and
27 judgments in the Lawsuit concerning the Lawsuit and/or Revised Settlement Agreement,
28 whether favorable or unfavorable.

24. Pending final determination of whether the Revised Settlement Agreement should be approved, all discovery and all proceedings in the Lawsuit are stayed, except for proceedings relating to the Revised Settlement Agreement.

25. The Revised Settlement Agreement, whether or not consummated, and any proceedings pursuant to this Revised Settlement Agreement, are not and shall not be:

    a. Construed as or deemed to be evidence of a presumption, concession, or admission by Sprint of the truth of any fact alleged or the validity of any Claim which has been or could have been or could be asserted in the Lawsuit, or the deficiency of any defense which has been or could have been or could be asserted in the Lawsuit, or of any liability, fault or wrongdoing of Sprint;

    b. Offered or received as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission in connection with any statement, written document, report, or financial statement heretofore issued, filed, approved, or made by or on behalf of Sprint;

    c. Offered or received as evidence of a presumption, concession, or admission of any liability, fault, or wrongdoing against Sprint in this Lawsuit or in any other action or proceeding, except to the extent necessary in proceedings to consummate or enforce this Revised Settlement Agreement;

    d. Construed as a presumption, concession, or admission that the Class Representative and Settlement Class Members, or any of them, have in fact suffered damage or that Sprint is liable to the Class Representative or to any Settlement Class Members for any action, failure to act, misrepresentation, omission, violation, negligence, or wrongdoing alleged, or which could have been or could be alleged in this Lawsuit; or

    e. Construed as a presumption, concession, or admission by the Class Representative and Settlement Class Members as to the merits of their Claims or that the consideration to be given hereunder represents the amount which could be recovered after trial.

1  26. If the Revised Settlement Agreement is not approved by the Court in complete accordance with its terms, except those provisions in Paragraphs 30 and 31 of the Revised Settlement Agreement related to attorneys' fees and the amount of fees and/or awards agreed upon by the parties or determined by Judge Boharic, each party will have the option of having the Lawsuit revert to its status as if the Revised Settlement Agreement had not been negotiated, made, or filed with the Court.  In such event, the parties will retain all rights as if the Revised Settlement Agreement was never agreed upon.

27. In the event that the Revised Settlement Agreement is terminated pursuant to the provisions of the Revised Settlement Agreement or for any reason whatsoever does not reach the Settlement Effective Date, then (i) the Revised Settlement Agreement shall be null and void, including any provision related to the award of attorneys' fees, and shall have no further force and effect with respect to any party in this Lawsuit, and shall not be used in this Lawsuit or in any other proceeding for any purpose; (ii) all negotiations, proceedings, documents prepared, and statements made in connection herewith shall be without prejudice to any person or party hereto, shall not be deemed or construed to be an admission by any party of any act, matter, or proposition, and shall not be used in any manner or for any purpose in any subsequent proceeding in this Lawsuit or in any other action in any court or other proceeding, provided, however, that the termination of this Revised Settlement Agreement shall not shield from subsequent discovery any factual information provided in connection with the negotiation of this Revised Settlement Agreement that would ordinarily be discoverable but for the attempted settlement; (iii) other than as expressly preserved by this Revised Settlement Agreement in the event of its termination, this Revised Settlement Agreement shall have no further force and effect with respect to any party and shall not be used in the Lawsuit or any other proceeding for any purpose; and (iv) any party may elect to move the Court pursuant to the provisions of this Paragraph, and none of the non-moving parties (or their counsel) shall oppose any such motion.

May 8, 2009  _____
United States District Court Judge