UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| ALIZA VALDEZ, individually and on behalf of a class of similarly situated individuals,<br><br>  *Plaintiff*,<br><br>  v.<br><br>SPRINT SPECTRUM L.P., a Delaware limited partnership, SPRINT SOLUTIONS, INC., a Delaware corporation, NEXTEL COMMUNICATIONS OF THE MID-ATLANTIC, INC., a Delaware corporation, NEXTEL WEST CORP., a Delaware corporation, NEXTEL OF CALIFORNIA, INC., a Delaware corporation, NEXTEL OF TEXAS, INC., a Delaware corporation, NEXTEL SOUTH CORP., a Georgia corporation, and NEXTEL OF NEW YORK, INC., a Delaware corporation,<br><br>  *Defendants*. | Case No. C 06 7587 SC<br><br>The Honorable Samuel Conti<br><br>**[PROPOSED] FINAL JUDGMENT AND ORDER OF APPROVAL** |

## FINAL JUDGMENT AND ORDER OF APPROVAL

WHEREAS, this action having been filed in this Court as a class action ("the Lawsuit");

WHEREAS, the parties have entered into a Revised Class Action Settlement Agreement dated as of August 7, 2008 ("the Revised Settlement Agreement");

WHEREAS, Defendants deny that they have committed any wrongful acts or breached any duties as alleged in the Lawsuit, and the settlement of the Lawsuit does not constitute any such admission; and

WHEREAS, this matter having come before the Court for hearing, pursuant to the Order of this Court, dated May 8, 2009 ("the Preliminary Approval Order"), on the application of the parties for approval of the settlement set forth in the Revised Settlement Agreement, and due and adequate notice having been given to the Settlement Class defined below as required by the Preliminary Approval Order, the Court having considered all papers filed and proceedings herein and otherwise being fully informed in the premises, and good cause appearing therefore, it is

ORDERED, ADJUDGED AND DECREED THAT:

1. Terms and phrases in this Order, such as the definition of "Sprint," shall have the same meaning as ascribed to them in the Revised Settlement Agreement.

2. This Court has jurisdiction over the subject matter of this Lawsuit and over all parties to this Lawsuit, including all Settlement Class Members.

3. This Court previously gave its preliminary approval to the Revised Settlement Agreement. The Court hereby gives its final approval to the settlement set forth in the Revised Settlement Agreement, finds that said Revised Settlement Agreement is, in all respects, fair, reasonable and adequate to, and in the best interests of, the Settlement Class, and hereby directs that it shall be effectuated in accordance with its terms. The Revised Settlement Agreement and every term and provision thereof shall be deemed incorporated herein as if explicitly set forth, and shall have the full force of an Order of this Court.

4. The notice of the settlement pursuant to the Preliminary Approval Order and the Revised Settlement Agreement was the best notice practicable under the circumstances, including individual notice to all members of the Settlement Class at their last address known to Sprint and the maintenance of a settlement website by the Claims Administrator. Said notice provided valid, due and sufficient notice of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Revised Settlement Agreement, to all persons entitled to such notice, and said notice fully satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure and of Due Process.

5. The Settlement Class shall consist of the following:

> All Sprint wireless telephone subscribers in the nation from January 1, 2005 through April 30, 2008, including any Sprint Subscribers who have or had cellular phones on either the CDMA or iDEN networks, who incurred charges as a result of Sprint's billing for products and services not authorized by the existing owner of the number, but, rather purportedly by a prior owner or user of the number.

Excluded from the Settlement Class are those persons who have submitted valid and timely requests for exclusion pursuant to the Preliminary Approval Order and the Class Notice sent to

[~~Proposed~~] Final Judgment and Order of Approval

Case No. C 06 7587 SC

1 | Settlement Class Members. There have been twenty-eight such persons. Annexed hereto as
2 | Appendix 1 is a schedule of all such persons excluded from the Settlement Class.

3 |     6.    Subject to the terms and conditions of the Revised Settlement Agreement, this
4 | Court hereby dismisses the Lawsuit on the merits and with prejudice.

5 |     7.    Upon the Settlement Effective Date, the Class Representative and each and every
6 | Settlement Class Member who has not timely filed a request to be excluded from the Settlement
7 | Class or who has rescinded a previous opt-out request pursuant to the Revised Settlement
8 | Agreement, their respective heirs, executors, administrators, representatives, agents, predecessors,
9 | successors, assigns, parent companies, subsidiaries, present and former officers, directors,
10 | principals, partners, employees, attorneys, accountants, controlled and controlling persons, and all
11 | affiliates of the foregoing, shall be deemed to have released and forever discharged Sprint of and
12 | from any and all manner of Claims, demands, debts, liabilities, actions, causes of action of every
13 | kind and nature, obligations, damages, losses, and costs, whether known or unknown, actual or
14 | potential, suspected or unsuspected, direct or indirect, contingent or fixed, that have been, could
15 | have been, or in the future might be asserted in this Lawsuit or in any other court or proceeding
16 | which relate in any way to the Disputed Charges, and shall be permanently barred and enjoined
17 | from the institution or prosecution, or from asserting, either directly or indirectly, derivatively, or
18 | representatively any Claims against Sprint, including but not limited to Claims specifically alleged
19 | in the complaint.

20 |     8.    The Class Representative and all Settlement Class Members specifically waived
21 | and relinquished the provisions of Section 1542 of the California Code of Civil Procedure, which
22 | section reads:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

[~~Proposed~~] Final Judgment and                                             Case No. C 06 7587 SC
Order of Approval

9. The Court approves the payment by Sprint of attorneys' fees and expenses in the amount of $498,000.00. Such payment shall be sent by wire transfer to Class Counsel within thirty days of the date hereof and the receipt of complete wire transfer instructions.

10. The Court approves the payment of $1500.00 by Sprint to the class representative, Plaintiff Aliza Valdez, as an incentive award for taking on the risks of litigation and helping cause the results achieved to be made available to the Settlement Class, in accordance with the provisions of paragraph 31 of the Settlement Agreement. Such payment shall be sent by wire transfer to Class Counsel within thirty days of the date hereof and the receipt of complete wire transfer instructions.

11. For a period of thirty-six months from the date hereof, Sprint is directed and ordered to take the actions described in Paragraphs 27-29 of the Revised Settlement Agreement.

12. In accordance with the provisions of ¶¶ 13-15 of the Revised Settlement Agreement, the difference between the amount of the total claims ultimately filed and approved and one million dollars ($1,000,000) (the "Remaining Funds") shall be distributed by Sprint *cy pres* in the form of calling cards to the Operation Uplink Program of the Veterans Of Foreign Wars. The Court finds that such disposition is appropriate and gives its final approval to such distribution.

13. The parties shall bear their own costs and attorneys' fees, except as otherwise provided in the Revised Settlement Agreement and this Order.

14. This Court hereby directs the entry of this Final Judgment and Order of Approval based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Final Judgment and Order of Approval notwithstanding the Court's retention of jurisdiction to oversee implementation and enforcement of the Revised Settlement Agreement.

15. This Final Judgment and Order of Approval, the Revised Settlement Agreement, the settlement which it reflects, and any and all acts, statements, documents, or proceedings relating to the Revised Settlement Agreement are not, and shall not be construed as, or used as an

[~~Proposed~~] Final Judgment and Order of Approval

Case No. C 06 7587 SC

1 admission by or against Sprint of any fault, wrongdoing, or liability on its part, or of the validity of
2 any Claim or of the existence or amount of damages.
3     16.    Without affecting the finality of this Judgment in any way, this Court hereby
4 retains continuing jurisdiction over, <u>inter</u> <u>alia</u>, (a) implementation, enforcement, and
5 administration of the Revised Settlement Agreement, including any releases in connection
6 therewith; (b) resolution of any disputes concerning class membership or entitlement to benefits
7 under the terms of the Revised Settlement Agreement; and (c) all parties hereto, for the purpose of
8 enforcing and administering the Revised Settlement Agreement and the Lawsuit until each and
9 every act agreed to be performed by the parties has been performed pursuant to the Revised
10 Settlement Agreement.

Dated:   September 11, 2009      By: _____
                                           Hon. Samuel Conti
                                           UNITED STATES DISTRICT JUDGE

## APPENDIX 1 TO FINAL JUDGMENT AND ORDER OF APPROVAL

### PERSONS EXCLUDED FROM THE SETTLEMENT CLASS

| Claim ID | Name | State |
|---|---|---|
| SPNT110006605 | Advanced Medical Imaging, Ft. Collins Radiologic (Becky Thompson) | CO |
| SPNT110021175 | Flint Hills Resources Koch Companies, Inc. (Travis A. Pearson) | KS |
| SPNT110011587 | Koch Industries/Corp. I-Z (Richard D. Winston, Jr.) | KS |
| SPNT110013083 | One Power, LLC (Christine Dreiling) | KS |
| SPNT110082786 | IDC Construction, LLC (Natalie Crain) | GA |
| SPNT110095209 | Ana D. Aguirre | TX |
| SPNT110146393 | Scott & Melissa Baucum | MO |
| SPNT110175407 | Richard K. Braud | TX |
| SPNT110217827 | Kalena Castillo | TX |
| SPNT110243445 | Karyn Cole | GA |
| SPNT110272798 | Kathy Daniel | TX |
| SPNT110317406 | Cory Ebrom | TX |
| SPNT110373713 | Lubertina Garcia | NY |
| SPNT110402144 | Barbara Gorgius | IL |
| SPNT1-1040790 | Pamela Greene | GA |

Appendix 1 to [~~Proposed~~] Final Judgment and Order of Approval

Case No. C 06 7587 SC

| | | | |
|---|---|---|---|
| 1 | SPNT110453326 | Helen Hinkel | PA |
| 2 | SPNT110463771 | Roderick Hubert | FL |
| 3 | SPNT110643974 | Pamela Mercer | DC |
| 4 | SPNT110668675 | Robert Morales | NY |
| 5 | SPNT110700358 | Berhanu E. Ofgaa | OH |
| 6 | SPNT110709320 | Jose A. Ortiz Lazaro | CA |
| 7 | SPNT110049576 | Damon Osipik | KS |
| 8 | SPNT110842055 | Jeanna Scanland | MI |
| 9 | SPNT1-1089369 | Philip Stotts | CA |
| 10 | SPNT110897631 | Lonnie J. Sumrall | CA |
| 11 | SPNT110934448 | Kaibah S. Tsosie | AZ |
| 12 | SPNT110938575 | Chris & Kristy Umfleet | NC |
| 13 | SPNT111009438 | Laura Zielnicki-Peak | FL |

Appendix 1 to [~~Proposed~~] Final Judgment and Order of Approval

Case No. C 06 7587 SC